**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 14-2807                                        Caption [use short title]

**Motion for:** Expedited Briefing Schedule

In re Application of FRANCK BERLAMONT for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings.

Set forth below precise, complete statement of relief sought:

For an order placing the appeal on an expedited schedule

| | |
|---|---|
| **MOVING PARTY:** Frank Berlamont | **OPPOSING PARTY:** Optimal Investment Services, S.A. and Hunton & Williams LLP |
| ☑ Plaintiff    ☐ Defendant | |
| ☐ Appellant/Petitioner    ☑ Appellee/Respondent | |
| **MOVING ATTORNEY:** O. Andrew F. Wilson | **OPPOSING ATTORNEY:** Shawn Patrick Regan, Esq. |

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| Emery Celli Brinckerhoff & Abady LLP | Hunton & Williams LLP |
| 600 Fifth Avenue, 10th Floor | 200 Park Avenue |
| New York, New York 10020 | New York, New York 10166 |
| (212) 763-5000; awilson@ecbalaw.com | (212) 309-1000; sregan@hunton.com |

Court-Judge/Agency appealed from: Hon. Jed S. Rakoff, Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes    ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed    ☐ Opposed    ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes    ☐ No    ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?    ☐ Yes    ☐ No
Has this relief been previously sought in this Court?    ☐ Yes    ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested?    ☐ Yes    ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes    ☑ No  If yes, enter date:

**Signature of Moving Attorney:**
/s/ O. Andrew F. Wilson    **Date:** 8/8/14    Service by: ☑ CM/ECF    ☐ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In re Application of FRANCK BERLAMONT for
an Order Pursuant to 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings.

Case No. 14-2807

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER-APPELLEE'S
MOTION TO EXPEDITE THE APPEAL**

Emery Celli Brinckerhoff & Abady LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

## PRELIMINARY STATEMENT

To obtain the documents that are the subject of this appeal in time to use them in a Swiss criminal proceeding by September 23, 2014, Petitioner-Appellee Franck Berlamont requests the following expedited schedule:

| | |
|---|---|
| Appellants' Brief | August 21, 2014 |
| Appellee's Brief | September 5, 2014 |
| Appellants' Reply Brief | September 12, 2014 |
| Oral argument | September 15-22, 2014 |

Appellants have not responded to Petitioner-Appellee's August 6, 2014 request for consent to this motion.

In his decision below, Judge Rakoff denied Appellants' application to quash a subpoena, issued pursuant to 28 U.S.C. § 1782, which seeks the production of a transcript and related exhibits from Hunton & Williams LLP ("H&W") for use in a criminal proceeding in Switzerland.  *See Procédure Pénale n° P/4010/2009 Franck Berlamont c/Manuel Echeverría* (the "Swiss Proceeding").  The Swiss prosecutor has stated that these materials would be "of great usefulness" to his investigation, but the evidentiary phase of the Swiss Proceeding is currently set to close on September 23, 2014.  Ex. 1 (Letter from Marc Tappolet to L. Moreillon, dated July 15, 2014).[1]  The proposed expedited schedule is necessary to obtain a decision from this Court in time to submit the sought after materials for use in the

---

[1] Citations to Exhibit numbers refer to exhibits to the Declaration of O. Andrew F. Wilson, dated August 8, 2014 ("Wilson Decl."), submitted herewith.

Swiss Proceedings before the evidentiary phase in that case closes.

## BACKGROUND

This action to obtain discovery in aid of a foreign proceeding arises from losses sustained as the result of investments in the Madoff fraud. Mr. Berlamont is a Swiss resident and the founding partner, President and CEO of Geneva Partners, an asset management firm based in Geneva, Switzerland. *See* Ex. 2 (Declaration of Franck Berlamont, dated July 7, 2014) ¶ 1. Mr. Berlamont invested, both personally and on behalf of his clients, in an investment fund called the Optimal Strategic U.S. Equity Ltd. fund ("Optimal Fund"). *See id.* ¶ 2. The Optimal Fund was managed by Optimal Investment Services, S.A. ("OIS"), a wholly-owned subsidiary of Banco Santander, S.A. that is incorporated in Switzerland. OIS managed the Optimal Fund as a Madoff feeder fund, and clients who invested in it, including Mr. Berlamont, suffered significant losses when Madoff's Ponzi scheme was revealed. *See id.* ¶ 2.

In 2009, Mr. Berlamont commenced the Swiss Proceeding by presenting a criminal complaint in Geneva, Switzerland, alleging that OIS made misrepresentations concerning its management and supervision of the Optimal Fund and its Madoff accounts. *See id.* ¶ 3. In response to Mr. Berlamont's complaint, an investigating magistrate in Geneva formally charged Manuel

Echeverría, OIS's former director general, with disloyal management with the aim of self-enrichment.  *See id.* ¶ 4.

In May 2010, a group of investors who had invested in the Optimal Fund commenced their own civil case in the United States District Court for the Southern District of New York, *Rembaum et al. v. Banco Santander, S.A., et al.*, No. 10 Civ. 4095 (S.D.N.Y.). The allegations in *Rembaum* substantially overlap with Mr. Berlamont's allegations in the Swiss Proceeding.  OIS and its parent company, Banco Santander, S.A., were defendants in *Rembaum*.  Both were represented by H&W.

During discovery in *Rembaum*, the parties obtained an examination of OIS's former Chief Risk Officer, Mr. Jaitly, who was residing in England at the time.  Because Mr. Jaitly served as OIS's Chief Risk Officer from July 2005 until approximately December 2007, he has knowledge of OIS's policies with respect to its review and management of the Optimal Fund and OIS's Madoff investments. For example, in a decision dated October 14, 2011, the *Rembaum* Court cited to a 2006 report authored by Mr. Jaitly in which Mr. Jaitly flagged OIS's "current inability to verify actual trading activity in the market through counterparty and other market user intelligence as one of the difficulties with [the Madoff] account." *Rembaum*, Dkt. 75 at 25.  The Court also noted that Mr. Jaitly "issued the

following warning: 'No request was made to review how a trade is made.  There is absolutely no reason [OIS] should not make such a request.'"  *Id.*

   To aid in the Swiss Proceeding, Mr. Berlamont sought to obtain a copy of the Jaitly transcript and exhibits.  After H&W refused to provide the Jaitly transcript and exhibits on consent, Mr. Berlamont commenced the instant miscellaneous proceeding by filing an *ex parte* application, pursuant to § 1782, on June 18, 2014.  Finding compliance with the statutory requirements of § 1782 and the discretionary factors enumerated in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004), the District Court (Gardephe J.) approved Mr. Berlamont's application *ex parte* on June 20, 2014, and granted Mr. Berlamont leave to subpoena H&W for the requested documents.  Mr. Berlamont served a subpoena on H&W the same day.

   On June 30, 2014, Mr. Jaitly's former employer (OIS) and its lawyers (H&W) (collectively, "Appellants") moved to vacate the order granting Mr. Berlamont's § 1782 application and to quash the subpoena, or in the alternative, for a protective order.

   In a five-page opinion, Judge Rakoff denied Appellants' motion in its entirety.  Judge Rakoff rejected all of Appellants' arguments, finding that (1) Mr. Berlamont demonstrated that the documents are "for use in a foreign proceeding," (2) the *Intel* factors counsel in favor of granting § 1782 aid, and (3) disclosure of

4

the documents is not prohibited by the *Rembaum* proceedings, the Swiss attorney-client privilege, the Hague Convention or principles of international comity. *See* Ex. 3 (Memorandum Order filed by Judge Rakoff on August 4, 2014). Judge Rakoff noted, among other things, the letter from the Swiss Prosecutor stating that the Jaitly transcript would be "of great usefulness" in the Swiss Proceedings. *See id.* at 3.

Appellants filed their notice of appeal on August 5, 2014, but, as of this writing, they have not filed their Forms C and D proposing a schedule. The same day, Appellants filed a motion to stay in the District Court, returnable on September 2, 2014.

Although the evidentiary phase in the Swiss Proceedings was previously set to close in August 2014 (Ex. 2 ¶ 6), the closing date has been extended to September 23, 2014. *See* Wilson Decl. ¶ 6.

## ARGUMENT

This Court is "generous in granting motions to expedite." *In re Iceland Inc.*, 112 F.3d 504, 504 (2d Cir. 1997) (summary order). Thus, where the circumstances warrant an expedited schedule, as they do in this case, the Court has not hesitated to expedite the appeal. *See*, *e.g.*, *Lancaster Factoring Co. Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (expedited appeal from § 1782

proceeding); *In re Gianolis Aldunate*, 3 F.3d 54, 55 (2d Cir. 1993) (expedited appeal from denial of motion to vacate order granting § 1782 application).

An expedited briefing schedule is warranted in this case because without one, it is likely that Petitioner-Appellee will be deprived of the opportunity to use the documents he seeks in the Swiss Proceeding. With the evidentiary phase of the Swiss Proceeding set to close on September 23, 2014, there is little time remaining for Petitioner-Appellee to secure the Jaitly transcript and exhibits and provide them to the Swiss prosecutor. Without an expedited appeal, there is a strong likelihood that Petitioner-Appellee would be unable to use the Jaitly documents in the Swiss Proceeding—thus negating the entire purpose of this proceeding.

While Appellants have moved for a stay in the District Court, there is no current stay of the subpoena because they have not sought a temporary restraining order. Petitioner-Appellee has repeatedly requested that Appellants comply with the lawfully issued subpoena and turn over the Jaitly documents, but Appellants have refused. Resolving this appeal on an expedited basis is the most certain way to provide clarity regarding the parties' rights and obligations in advance of the close of the evidentiary phase of the Swiss Proceeding.

An expedited appeal would not prejudice Appellants. The proposed schedule equitably divides the approximately six weeks available between the

notice of appeal and the close of the evidentiary phase in the Swiss Proceeding: Appellants are afforded sixteen days to prepare their brief, Petitioner-Appellee fifteen days for his opposition, and Appellants seven days for their reply. The issues on this appeal are narrow and were comprehensively briefed by both parties before the District Court. The factual record is similarly limited. There is no reason Appellants cannot submit their papers on an expedited basis.

Petitioner-Appellee first sought Appellants' consent for an expedited schedule on August 6, 2014. As of the date of this motion, August 8, 2014, Appellants have neither consented nor objected. *See* Wilson Decl. ¶ 5.

## CONCLUSION

For all the foregoing reasons, the Court should set the proposed expedited schedule to preserve the opportunity to submit the materials sought to the Swiss prosecutor.

Dated:      August 8, 2014
            New York, New York

EMERY CELLI BRINCKERHOFF
& ABADY LLP

                    /s/
_____
O. Andrew F. Wilson
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

*Attorneys for Franck Berlamont*

7

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In re Application of FRANCK BERLAMONT for
an Order Pursuant to 28 U.S.C. § 1782 to Conduct
Discovery for Use in Foreign Proceedings.

Case No. 14-2807

**DECLARATION OF O. ANDREW F. WILSON IN SUPPORT OF
PETITIONER-APPELLEE'S MOTION TO EXPEDITE THE APPEAL**

O. ANDREW F. WILSON declares, under penalty of perjury, pursuant to 28

U.S.C. § 1746, that the following is true and correct:

1.      I am an attorney licensed to practice law in the State of New York and

before this Court.   I am a partner in the law firm Emery Celli Brinckerhoff &

Abady LLP, attorneys for Petitioner-Appellee Franck Berlamont.  I make this

declaration in support of Petitioner-Appellee's motion to expedite the appeal.  If

called as a witness, I could and would testify to the same as stated herein.

2.      Attached hereto as **Exhibit 1** is a true and complete copy of a letter

from Marc Tappolet to L. Moreillon, dated July 15, 2014.

3.      Attached hereto as **Exhibit 2** is a true and complete copy of the

Declaration of Frank Berlamont, dated July 7, 2014.

4.      Attached hereto as **Exhibit 3** is a true and complete copy of the

Memorandum Order filed by Judge Rakoff in *In re Application of Franck

Berlamont*, No. 14-mc-190, Dkt. 28 (S.D.N.Y.) on August 4, 2014.

1

5. On August 6, 2014, I emailed Shawn Reagan, attorney for Hunton & Williams LLP and Optimal Investment Services, S.A., the Appellants herein, and proposed an expedited briefing schedule for this appeal. As of the date of this declaration, Mr. Reagan has not indicated whether his clients consent to an expedited schedule.

6. Although the evidentiary phase of the Swiss Proceeding that was commenced by Petitioner-Appellee, *Procédure Pénale n° P/4010/2009 Franck Berlamont c/Manuel Echeverría*, was previously set to close in August 2014, I understand that the closing date has been extended to September 23, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:     August 8, 2014
           New York, New York

                                          /s/ O. Andrew F. Wilson
                                          O. Andrew F. Wilson

# Exhibit 1





On this 15th day of July, 2014

Rose Harvey

of Linguistic Systems, Inc., 201 Broadway, Cambridge, Massachusetts 02139, declared that the attached translation into English of the following file:

*201407151153.pdf*

has been made faithfully of her own knowledge by her and that the translation is a true and correct version of the original French text, to the best of her knowledge and belief.

Her qualifications as translator include familiarity with English as a native language and with French as an acquired language, and with said languages as languages of instruction and use for 12 years, and that she received a Bachelor of Arts degree from the University of Western Ontario and that she is employed as a freelance translator by Linguistic Systems, Inc.

Hugh Oechler
*Translation Manager*

Republic and Canton of Geneva
Judicial Branch
Public Prosecutor

Geneva, July 15, 2014

Prosecutor's Office
Route de Chancy 6 b
Postal Box 3565
CH – 1211 GENEVA 3

Please address all correspondence personally to the undersigned Prosecutor

FAX COPY

Ref:     PP No. P/4010/2009
         vs M ECHEVERRIA
Please include this reference number in all correspondence

Re:      Criminal procedure No. P/4010/2009 Franck BERLAMONT vs Manuel ECHEVERRIA
         Witness Rajiv JAITLY

| | |
|---|---|
| Addressee(s): | Mr. L. MOREILLON (M BERLAMONT), lawyer, fax no. 021 321 30 20 |
| Message: | Dear Sir:<br>This letter is to remind you that you are assigned to the investigation of the criminal procedure noted in the margin, opened for suspicion of unlawful management against Mr. Manuel ECHEVERRIA, concerning an investment made by Mr. Franck BERLAMONT in the OPTIMAL STRATEGIC US EQUITIES investment fund.<br>This MADOFF feeder fund was managed up until the end of 2008 by OIS Optimal Investment Services SA, Geneva, a company of which the Managing Director was Mr. Manuel ECHEVERRIA, up until the summer of 2008.<br>I hope to question Mr. Rajiv JAITLY, an employee of OIS up until the autumn of 2007, as a witness.<br>According to the information which I have available, Mr. Rajiv JAITLY has already been questioned on this subject in proceedings in the United States (RENBAUM et al vs Banco SANTANDER, OIS and CLARK).<br>The official report of the explanations in the United States by Mr. Rajiv JAITLY (with the items mentioned during this deposition) is of great usefulness for my inquiry.<br><br>Yours sincerely,<br><br>[signature]                          [seal]<br>                                     Public Prosecutor<br>                                     Of the Republic & Canton of Geneva |
| Sender: | Marc TAPPOLET, Prosecutor |
| Number of pages: | 1, including this letter. |

***** 

Public Prosecutor – Tel:  +41 22 327 64 64 – Fax +41 22 327 65 00



République et canton de Genève
**POUVOIR JUDICIAIRE**
Ministère public

Genève, le 15 juillet 2014

Cabinet du Procureur
Route de Chancy 6 b
Case postale 3565
CH - 1211 GENEVE 3

Prière d'adresser toute la correspondance
au Procureur soussigné personnellement

**TELECOPIE**

Réf : PP N° P/4010/2009
c/M ECHEVERRIA
à rappeler lors de toute communication.

Concerne :    Procédure pénale n° P/4010/2009 Franck BERLAMONT c/ Manuel
ECHEVERRIA
Témoin Rajiv JAITLY

---

Destinataire(s) :    Me L MOREILLON (M BERLAMONT), avocat, télécopie 021 321 30 20

Message :    Maître,
Je vous rappelle être chargé de l'instruction de la procédure pénale
visée en marge, ouverte pour un soupçon de gestion déloyale à
l'encontre de Monsieur Manuel ECHEVERRIA, s'agissant d'un
investissement effectué par Monsieur Franck BERLAMONT dans le
fonds de placement OPTIMAL STRATEGIC US EQUITIES.
Ce feeder-fonds MADOFF était géré jusqu'à fin 2008 par OIS Optimal
Investment Services SA, Genève, société dont le Directeur général
était Monsieur Manuel ECHEVERRIA jusqu'en été 2008.
Je souhaite interroger Monsieur Rajiv JAITLY, un employé de OIS
jusqu'en automne 2007, en qualité de témoin.
Selon les informations dont je dispose, Monsieur Rajiv JAITLY a déjà
été interrogé à ce sujet dans une procédure aux Etats-Unis
(REMBAUM et autres v. Banco SANTANDER, OIS et CLARK).
Le procès-verbal des explications aux Etats-Unis de Monsieur Rajiv
JAITLY (avec les pièces évoquées lors de cette déposition) est d'une
très grande utilité pour mon instruction.
Avec mes salutations distinguées.

Expéditeur :    Marc TAPPOLET, Procureur

Nombre de pages :    1, y compris la présente.

\* \* \* \* \*

Ministère public - Tél : +41 22 327 64 64 - Fax : +41 22 327 65 00

Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re Application of FRANCK BERLAMONT for an Order
Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in
Foreign Proceedings.

Misc. Case No. M 19-84

### DECLARATION OF FRANCK BERLAMONT IN SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

FRANCK BERLAMONT declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1.      I am the founding partner, President and CEO of Geneva Partners.  I currently reside in the canton of Geneva in Switzerland.  I make this declaration in support of my application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings based on personal knowledge.  If called as a witness, I could and would testify to the same as stated herein.

2.      On behalf of myself and some of my clients, I invested funds with Optimal Strategic U.S. Equity Ltd. fund, a Bernard Madoff feeder fund that was managed by Optimal Investment Services, S.A. ("OIS"), a subsidiary of Banco Santander, S.A.  Since making these investments, it has become apparent that OIS made misrepresentations concerning the Optimal Strategic U.S. Equity Ltd. fund and its Madoff accounts, including, but not limited to, misrepresentations concerning its knowledge of counterparties to trades in which Madoff was engaging.  As a result of Madoff's fraud and OIS's misrepresentations, I sustained significant losses, both personally and on behalf of my clients, on the investments I made with OIS.

3.      On the basis of OIS's misrepresentations, I presented a criminal complaint in June 2009 to Geneva's public prosecutor who opened a criminal probe.

1

4. In August 2009, Manuel Echeverría, the former Director General of OIS, was charged with disloyal management with the aim of self-enrichment on the basis of a legal act.

5. As the complainant in a criminal proceeding in Switzerland, I have the opportunity to present evidence therein.

6. It is my understanding that the evidentiary phase of the criminal investigation is nearing completion. Indeed, the prosecutor recently announced that he intends to hold his last hearing in August 2014.

7. I bring this proceeding pursuant to 28 U.S.C. § 1782 to obtain a copy of the deposition transcript and related exhibits of OIS's Chief Risk Officer, Rajiv Jaitly, which I understand directly relate to the knowledge of OIS concerning its review of the Madoff trades. It is my understanding that these documents are maintained by Hunton & Williams LLP because they represented the defendants in *Rembaum et al. v. Banco Santander, S.A. et al.,* 10 Civ. 4095 (S.D.N.Y.), the case in which Mr. Jaitly's examination was taken.

8. Neither Hunton & Williams LLP nor Mr. Jaitly is a party to the criminal proceeding currently pending in Switzerland against Mr. Echeverría. I understand, however, that the prosecutor in the Swiss proceeding intends to examine Mr. Jaitly on July 22, 2014.

9. Based on my knowledge of the criminal proceeding against Mr. Echeverría, I believe that the transcript and exhibits from the examination of Mr. Jaitly in *Rembaum* would be used and considered by the prosecutor in Geneva, and would aid the prosecutor in conducting Mr. Jaitly's deposition in July. I do not believe that obtaining such documents would violate any Swiss proof-gathering restrictions.

2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: July 7, 2014
       Geneva, Switzerland

_____

FRANCK BERLAMONT

# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
In re Application of FRANCK          :        14-mc-00190 (JSR)
BERLAMONT for an Order Pursuant to   :
28 U.S.C. § 1782 to Conduct          :        MEMORANDUM ORDER
Discovery for Use in Foreign         :
Proceedings.                         :
------------------------------------x

JED S. RAKOFF, U.S.D.J.                        8/4/14

     Petitioner Franck Berlamont commenced the instant proceeding on

June 18, 2014, seeking to obtain pursuant to 28 U.S.C. § 1782

transcripts and exhibits (hereinafter referred to as the "Jaitly

documents") associated with an examination of one Rajiv Jaitly

conducted during discovery in a case formerly pending before this

Court, *Rembaum et al. v. Banco Santander, S.A., et al.*, 10-cv-4095

("*Rembaum*").[1] The stated purpose of the requested production of the

Jaitly documents was to aid in a Swiss criminal investigation of

Jaitly's former colleague in Optimal Investment Services ("OIS"),

Manuel Echevarria. The application was originally brought *ex parte*,

and on June 20, 2014, Judge Gardephe granted this application,

including a subpoena issued to OIS's counsel, Hunton and Williams

("H&W"). OIS and H&W now seek to have this Court vacate the Order

granting petitioner's § 1782 application and quash the subpoena, or

in the alternative, to have this Court issue a protective order to

---

[1] During discovery in *Rembaum*, the parties sought an examination of Jaitly, who
was residing in England at the time. The *Rembaum* Court issued Letters Rogatory to
the English High Court of Justice, Queen's Bench Division, requesting that
Jaitly's examination be ordered in London. Declaration of Shawn Patrick Regan,
dated June 30, 2014 ("Regan Decl."), Exhibit ("Ex.") A. The English High Court
granted the application and ordered the examination of Jaitly. Regan Decl., Ex B.

1

maintain the confidentiality of the documents that petitioner
requests.

In the interests of international comity, 28 U.S.C. § 1782
permits federal courts to grant discovery within the United States
for use in foreign proceedings. *See, e.g.*, *Lancaster Factoring Co.
Ltd. v. Mangone*, 90 F.3d 38, 41 (2d Cir. 1996) (stating that the
goal of § 1782 is to "provide 'equitable and efficacious' discovery
procedures in the United States courts 'for the benefit of tribunals
and litigants involved in [international] litigation'"). OIS and H&W
allege that the § 1782 Subpoena should be quashed because,
allegedly, (1) Berlamont has failed to show that the requested
documents are for "use in a foreign proceeding" as required by §
1782; (2) the *Intel* factors counsel against granting § 1782 aid, *see
Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65
(2004); (3) the *Rembaum* proceedings do not permit disclosure of the
Jaitly documents; (4) Swiss attorney-client privilege prohibits
disclosure of the Jaitly documents; and (5) the Hague Convention and
principles of comity prohibit disclosure of the requested documents.
The Court, for the reasons following, denies the motion in its
entirety.

First, OIS and H&W's argument that Berlamont somehow fails to
satisfy the "for use in a foreign proceeding" prong of § 1782
because Berlamont is not attempting to admit the Jaitly documents
into evidence in a foreign Court, is without merit. A complaining
witness's presentation of evidence to an investigating magistrate

2

satisfies the "for use" prong of § 1782. *Intel*, 542 U.S. at 257-58.
Here, the Swiss prosecutor, Marc Tappolet, has explicitly stated
that "[t]he official report and explanations in the United States by
Mr. Rajiv Jaitly . . . is of great usefulness for my inquiry."
Declaration of O. Andrew F. Wilson dated July 15, 2014 ("Wilson
Supp. Decl."), Ex. A at 1. Thus the Court finds that the Jaitly
documents are for "use in a foreign proceeding" as required by §
1782.

Second, the *Intel* factors weigh in favor of granting aid in
this instance. Those factors are: (1) whether the person from whom
discovery is sought is a participant in the foreign proceeding (in
which case the discovery can be sought through other means); (2) the
nature of the foreign tribunal and the receptivity of the foreign
court to federal court assistance; and 3) whether the application is
unduly intrusive or burdensome. *Intel*, 542 U.S. at 264-65. Here, 1)
OIS and H&W are not parties to the Swiss proceeding; 2) the Swiss
prosecutor has explicitly stated that the Jaitly documents are "of
great usefulness" for the foreign proceeding, Wilson Supp. Decl.,
Ex. A at 1; and 3) the petitioner is seeking a specific, discrete
set of documents that are easily identifiable and not unduly
burdensome.

Third, the *Rembaum* proceedings do not prevent the Court from
granting Berlamont's application. To begin with, the *Rembaum*
Confidentiality Order does not prevent the Court from granting
Berlamont's application. While the parties dispute whether the

3

Confidentiality Order applies to the Jaitly documents, it is undisputed that the Confidentiality Order in *Rembaum* explicitly states that "[n]othing contained herein shall prevent disclosure to persons who are not Qualified Persons under the terms of this Confidentiality Stipulation and Order if . . . the Court, after notice to all affected persons, allows such disclosure." Declaration of Shawn Patrick Regan, dated June 30, 2014 ("Regan Decl."), Ex. C at 8. This is the situation here.

Additionally, the Letters Rogatory in *Rembaum* do not prevent the Court from granting Berlamont's application. OIS and H&W argue that English law of confidentiality applies to this case because the Letter Rogatory states "[t]he District Court additionally requests that the confidentiality of any evidence produced be maintained pursuant to the laws of England." Regan Decl., Ex. A. at 10. However, the Order that governed the Jaitly examination in England was not the Letters Rogatory, which are nothing but a request for judicial assistance, but rather the English High Court's Order, Regan Decl., Ex. B, which contains no reference to the language in the Letters Rogatory on which OIS and H&W rely.

Fourth, Swiss attorney-client privilege does not prohibit disclosure. In fact, Swiss privilege law does not even apply here because the Jaitly documents, in the language of relevant authority, fail to "touch base" with Switzerland. *See, e.g.*, *Anwar v. Fairfield Greenwich Ltd.*, 982 F. Supp. 2d 260, 264 (S.D.N.Y 2013). Instead, the Jaitly documents are located in New York, were created and

4

produced in the context of a case pending in New York, and are being sought from United States lawyers in a court in New York pursuant to a United States statute.

Fifth, neither the Hague Convention nor principles of comity prohibit disclosure. OIS and H&W argue that granting the application contravenes Article 1 of the Hague Convention, which prohibits using Letters Rogatory "to obtain evidence which is not intended for use in judicial proceedings, commenced or contemplated." Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, art. 1 July 27, 1970, U.S.T. 2555, 847 U.N.T.S. 231. But Berlamont's application does not run afoul of this treaty language because Article 1 does not impose any restrictions on the subsequent use of evidence obtained pursuant to properly issued Letters Rogatory. OIS and H&W's appeal to principles of comity is also misplaced, as the English High Court's Order includes no express condition that Jaitly's examination only be used in *Rembaum*.

For the foregoing reasons, OIS and H&W's motion is hereby denied in its entirety. The Clerk of the Court is directed to close docket numbers 1, 7, and 10 on the docket of this case.

SO ORDERED.

Dated:    New York, NY
          August 1, 2014

                                        JED S. RAKOFF, U.S.D.J.